**In re CHANNEL ONE COMMUNICATIONS, INC., Debtor.**

**Bankruptcy No. 90–01722–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 9, 1990.

Stephen L. Kling, St. Louis, Mo., for Landmark Bank.

Vincent D. Vogler, St. Louis, Mo., for Creditors Committee.

Mark H. Zoole, St. Louis, Mo.

Department of Revenue, State of Mo., Office of Gen. Counsel, Shaun K. Baskett, Sr. Counsel, Jefferson City, Mo.

Lawrence R. Smith, Brinker, Doyen & Kovacs, P.C., Clayton, Mo., for Harris Corp.

Donna M. Sommars, St. Louis, Mo., for Fairwest Enterprises, Inc.

Richard H. Edwards, Clayton, Mo., for various creditors.

Stanley Brandmeyer, Kirkwood, Mo.

Michael B. Stern, St. Louis, Mo., for Siteman Organization.

William J. Joanis, Hart, Bruner & O'Brien, P.A., Minneapolis, Minn.

Marjorie M. Kress, Corporate Counsel, Western Life Ins. Co., St. Paul, Minn.

Steven M. Hamburg, St. Louis, Mo.

David A. Warfield, St. Louis, Mo., for debtor.

John W. Moticka, St. Louis, Mo., for The Sterling Group.

ORDER APPROVING DEBTOR'S MOTION FOR APPROVAL OF ASSET PURCHASE AGREEMENT BY AND BETWEEN RIVER CITY TELEVISION PARTNERS, L.P. AND CHANNEL ONE COMMUNICATIONS, INC.

JAMES J. BARTA, Bankruptcy Judge.

This matter coming before the Court upon the Motion for Approval of Asset Purchase Agreement by and between River City Television Partners, L.P. and Channel One Communications, Inc. (the "Sale Motion"). This Court having previously scheduled a hearing on the Sale Motion for August 9, 1990 at 10:00 a.m. Present at the hearing on the Sale Motion were Counsel for Channel One Communications, Inc. ("Debtor"), River City Television Partners, L.P. ("River City"), Landmark Bank ("Bank"), the Official Unsecured Creditors Committee ("Committee"), and for certain other interested parties. After consideration of the testimony and other evidence adduced at the hearing and upon consideration of the record as a whole,

THE COURT HEREBY FINDS THAT:

A. Debtor is a corporation organized under and existing by virtue of the laws of the State of Delaware. Debtor owns and operates KSTZ, an FM radio station operating in the St. Louis metropolitan area.

B. On April 12, 1990, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On May 3, 1990, this Court entered a Stipulated Order Authorizing Interim Secured and Priority Financing (the "Borrowing Order"). Under Paragraph 2(s) of the Borrowing Order, a process was established to solicit bids for the purchase of substantially all of Debtor's assets.

C. In connection with the process for the sale of substantially all of Debtor's assets set forth in the Borrowing Order, on May 24, 1990, Debtor filed an Application to Approve Employment of Media Brokers whereby Debtor sought to engage the nonexclusive services of at least three media brokers to assist in the sale of substantially all its assets.

D. Debtor solicited prospective purchasers both directly and through the retained media brokers. Debtor, which had also attempted to sell the radio station for some months prior to the bankruptcy filing, contacted or was contacted by prospective purchasers. Three parties submitted bids for the purchase of substantially all of Debt-

or's assets in conformity with the time deadline set forth in Paragraphs 2(s) of the Borrowing Order.

E. After conducting discussions with each of the three interested bidders, Debtor determined that River City was the bidder most likely to be able to close on the prospective purchase and that its bid offered the highest and best consideration available to bankruptcy estate. Debtor and River City negotiated the terms of an Asset Purchase Agreement (the "Purchase Agreement"), which is attached as Exhibit A to the Sale Motion. Under the terms of the Sale Agreement, River City is to pay to Debtor Three Million Dollars ($3,000,000) in cash at closing (inclusive of a One Hundred Thousand Dollar ($100,000) earnest money deposit and subject to certain adjustments as set forth in the Purchase Agreement). In addition, River City is to pay to Debtor Five Hundred Thousand Dollars ($500,000) in cash at closing in exchange for Debtor's and certain of its principals agreeing to certain non-competition provisions. River City shall also deliver to Debtor a Promissory Note in the original amount of Five Hundred Thousand Dollars ($500,000), at closing, such Note bearing interest at the rate of ten percent (10%) per annum, payable semi-annually, with interest only payable in the first two years, and with principal and interest installments payable in each of years three, four, and five, and with a lump sum payment of all principal and interest then due on the fifth anniversary of the closing. Moreover, under the Purchase Agreement, River City will assume Debtor's obligations under certain contracts pertaining to the purchased assets as more particularly set forth in the Purchase Agreement (the "Assumed Contracts").

F. On July 12, 1990, Debtor mailed a Notice and Information Statement Pertaining to Sale of Substantially All of Debtor's Assets to all creditors and parties in interest listed on the Court's matrix and to all other parties Debtor had identified as being potentially interested in purchasing the radio station ("Notice and Information Statement"). The Notice and Information Statement expressly stated that a hearing on the Sale Motion was to occur on August 9, 1990 and that any objections to the relief sought had to be lodged with the Bankruptcy Court on or before August 6, 1990. The Notice and Information Statement summarized the salient terms of the Purchase Agreement and stated that, upon closing of the sale, Debtor intended to propose a plan of liquidation whereby the sale proceeds (after payment of secured creditors) would be distributed to creditors in accordance with the priority of the claims asserted against Debtor.

G. No objections to the Sale Motion were filed with the Court prior to the August 6, 1990 deadline, and no objections were presented at this hearing.

H. River City is a limited partnership organized and existing under the laws of the State of Delaware. The shareholders and principals of the Debtor do not have a partnership or equity interest in River City whatsoever and the general and limited partners of River City hold no equity interests in the Debtor.

I. Although sales have increased since the commencement of this case, Debtor has had to borrow funds from the Bank to finance its operations. Since the filing, Debtor's expenses have exceeded its cash revenues by more than $152,000.

J. In the event that the Bank terminates its post-petition funding of Debtor's operations, Debtor would be forced to cease operations, thus jeopardizing its FCC broadcast license and diminishing the value of its assets.

K. The Purchase Agreement was negotiated at arm's length and both Debtor and River City have acted in good faith.

L. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated as conclusions of law, and any of the following conclusions of law deemed to be findings of fact are hereby incorporated as findings of fact.

THE COURT CONCLUDES THAT:

1. This matter is a core proceeding under 28 U.S.C. Section 157(b)(2)(M).

2. A sale of substantially all of the Debtor's assets other than in the ordinary course of business and without the structure of a Chapter 11 Disclosure Statement and Plan is not prohibited by the Bankruptcy Code. *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir.1983); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3rd Cir.1986). However, in the absence of the protection and finality offered by a disclosure statement and plan, such a transaction pursuant to Section 363(b) requires specific authorization by the Court. The sale must be closely scrutinized, and the proponent bears a heightened burden of proving the elements necessary for authorization. *In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr.E.D.Pa. 1987). Some of these elements include a showing that there is a sound business purpose for the sale without a disclosure statement and plan; that there has been accurate and reasonable notice; that the price to be paid is fair and reasonable; and that the sale does not unfairly benefit insiders or the prospective purchasers, or unfairly favor a creditor or class of creditors.

3. A debtor-in-possession may sell substantially all of its assets under 11 U.S.C. Section 363(b)(1) so long as the court can "expressly find from the evidence presented before [it] at the hearing a good business reason to grant such an application." *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.1983). The record in this case has established that the Debtor's business will likely not generate sufficient revenue to permit the radio station to continue to operate. Therefore, continued operation of Debtor's business will diminish Debtor's estate and reduce the amount available for distribution to creditors. *See In re WHET, Inc.*, 12 B.R. 743, 751 (Bankr.D.Mass.1981) (court authorized sale of radio station when station was operating at a loss and was funding operations by borrowing). *See also Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir.1986) (court authorized sale of radio station under Section 363(b)(1) when the operating trustee had been unable to operate the station at a profit and if the station went off the air for

an extended period of time, it could have lost its FCC broadcast license).

4. 11 U.S.C. Section 363(f) permits the debtor-in-possession to sell assets free and clear of liens and encumbrances with the liens and encumbrances to attach to the sale proceeds so long as, *inter alia*, such lienholders consent or the sale price is in excess of all liens and encumbrances against the property. 11 U.S.C. Sections 363(f)(2) and (3). The proposed sale to River City has been noticed to all secured creditors and none have filed objections. Moreover, the cash consideration to be paid by River City under the Sale Agreement is in excess of the aggregate value of all liens and encumbrances.

5. Notice of the hearing on the Sale Motion and of the last date and time to file and deliver objections or other responses to the Sale Motion was adequate and appropriate under the circumstances and satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules and other applicable law, including, but not limited to, 11 U.S.C. Sections 102(1) and 363(b)(1).

6. River City is a good faith purchaser within the meaning of 11 U.S.C. Section 363(m) and entitled to the benefits contained therein.

IT IS HEREBY ORDERED that the relief sought in the Sale Motion is GRANTED and the sale of Debtor's assets under the Purchase Agreement is approved, with the sale to River City to be free and clear of all liens and encumbrances, with such liens and encumbrances to attach to the proceeds;

IT IS FURTHER ORDERED that the Debtor is authorized to execute and deliver to River City all documents, instruments and agreements and to take all actions necessary or desirable to consummate the transfer of assets under the Purchase Agreement;

IT IS FURTHER ORDERED that Debtor may under 11 U.S.C. Sections 365(f)(1) and (2) assume and assign to River City all Assumed Contracts with such assumption and assignment to be effective upon closing of the sale to River City; and

IT IS FURTHER ORDERED that within ten (10) days of the closing of the sale to River City, Debtor shall file with this Court a Report of Closing.