### In re CHANNEL ONE COMMUNICATIONS, INC., Debtor.

Bankruptcy No. 90–01722–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 19, 1991.

David A. Warfield, St. Louis, Mo., for debtor.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter coming before the Court upon the objections of Channel One Communications, Inc. ("Channel One") to certain claims filed by Greg Zeiger (claim no. 79), Jacquelyn Rhodes (claim no. 80), Joseph Ragni (claim no. 81), Ron Morgan (claim no. 82), Nancy Hopkins (claim no 84), and David Blair (claim no. 86). After review of the entire record and having heard and considered the arguments of counsel, the Court finds as follows:

A. On April 12, 1990, Channel One filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code.

B. On August 9, 1990, this Court entered its order pursuant to Section 363 of the Bankruptcy Code authorizing Channel One to sell substantially all of its assets to River City Television Partners, L.P. ("River City"). 117 B.R. 493.

C. On December 31, 1990, Channel One closed on its sale to River City. On account of such sale, Channel One received over $3,000,000 in cash and a promissory note in the amount of $500,000.

D. On January 4, 1991, this Court entered its order confirming Channel One's liquidating plan of reorganization (the "Plan").

E. Under the Plan, all secured, administrative, and priority claimants were paid in cash the full amount of their claims. Under the Plan, general unsecured creditors will receive payment less than the full amount of their claims.

G. Each of the above named claimants was, at one time, employed by Channel One (such claimants shall hereinafter be referred to as the "Employees").

H. The proofs of claim filed by the Employees each contain a claim for unpaid wages for the period of time such Employees were actually employed by Channel One.

I. Such proofs of claim, however, also contain a claim for an extra sixty days wages under Mo.Rev.Stat. § 290.110.

THE COURT CONCLUDES AS FOLLOWS:

1. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. Mo.Rev.Stat. § 290.110 provides that upon failure of an employer to pay an employee accrued wages within seven days of receipt of written demand, the employee shall be entitled "as a penalty for such non-payment" to an extra sixty days wages.

3. Mo.Rev.Stat. § 290.110 is expressly penal in nature and constitutes a non-pecuniary loss penalty imposed upon employers for non-payment of wages.

4. 11 U.S.C. § 510(c) permits a bankruptcy court to subordinate for purposes of distribution all or part of an allowed claim under "principles of equitable subordination." The legislative history accompanying Section 510(c) states:

> It is intended the term "principles of equitable subordination" follow existing case law and leave to the courts development of the principle. To date, under existing law, a claim is generally subordinated only if the holder of such claim is guilty of inequitable conduct, *or the claim itself is of a status susceptible to subordination, such as a penalty....*

124 Cong.Rec. H11089, H11095 (1978) (emphasis added) (statement of Rep. Edwards), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6436, 6452.

5. 11 U.S.C. § 726(a)(4) expressly subordinates all non-pecuniary loss penalties to the claims of general unsecured creditors. This legislative history accompanying Section 726(a)(4) provides that "penalties are payable out of the estate's assets only if and to the extent that a surplus of assets would otherwise remain at the close of the case for distribution back to the debtor." S.Rpt.No. 989, 95th Cong., 2d Sess. (1978), at p. 97, U.S.Code Cong. & Admin.News 1978, p. 5883.

6. Section 726(a)(4) is applicable in this Chapter 11 case because in this Court's order confirming the Plan the Court expressly found that all classes of creditors would receive at least as much on account of the Plan as they would under a Chapter 7 liquidation. *See* paragraph (k) of the Order Confirming Debtor's Liquidating Plan of Reorganization Dated October 16, 1990 As Revised, which order is dated January 4, 1991.

7. The 8th Circuit has recently recognized that penalty claims may be subordinated in a Chapter 11 liquidating plan. *Schultz Broadway Inn v. United States*, 912 F.2d 230 (8th Cir.1990).

8. Sections 510(c) and 726(a)(4) evidence a clear policy that innocent parties, such as

general unsecured creditors, should not have to bear the burden of penalties that were intended to punish the debtor. *Id.; see also Simonson v. Granquist,* 369 U.S. 38, 40–41, 82 S.Ct. 537, 538–539, 7 L.Ed.2d 557 (1962).

IT IS HEREBY ORDERED that the portions of the Employees' claims attributable to the penalty imposed by Mo.Rev.Stat. § 290.110 are hereby subordinated for purposes of distribution under the Plan to the claims of all general unsecured creditors.

IT IS HEREBY ORDERED that a trial on the remaining portion of the Employees' claims shall be held on April 3rd, 1991, at 2:00 o'clock, at Court Room No. 1, 7th Floor, U.S. Courthouse/Federal Building, St. Louis, Missouri 63101.