**In re THE LANDING, Debtor.**

**Bankruptcy No. 92–20384–172.**

United States Bankruptcy Court, E.D. Missouri, N.D.

July 1, 1993.

Fredrich J. Cruse, Operating Trustee, Hannibal, MO.

Branson L. Wood III, Hannibal, MO, for Prestige Realty, Inc.

Vicki A. Dempsey, Hannibal, MO, for Operating Trustee.

Charles E. Rendlen, III, Hannibal, MO, for Creditors' Committee.

David R. Crosby and Arthur Margulis, St. Louis, MO, for Stephen Isserman.

Leslie A. Davis, Chapter 7 Trustee on Related Bankruptcy Cases, Clayton, MO.

Lonnie D. Whitaker, U.S. Small Business Administration, St. Louis, MO.

Michael A. Clithero and Jennifer M. Joyce, St. Louis, MO, for Ralph W. Kalish, Jr., et al.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 1st day of July, 1993.

The hearing to consider the Operating Trustee's application and notice for authority to approve a sale of substantially all of the Debtor's assets prior to submission of a disclosure statement and plan was called on June 30, 1993. A review of the record indicated that the Court had received eight timely filed written objections to the notice of sale.

At the commencement of the hearing the Operating Trustee announced that for several reasons, he was withdrawing his request to approve the sale as noticed to creditors. He also stated that he had received two additional written offers to purchase the Debtor's property, but that he had not had an opportunity to review each proposal and therefore would not request Court approval of either offer at this time.

In response to this announcement, Counsel for Robert Smith & Associates ("Buyer") requested that the Court approve the sale as noticed to creditors, notwithstanding the Trustee's statements. On consideration of the record as a whole, the Court entered its determinations and orders from the bench after receiving comments from Counsel for other interested parties including the Small Business Administration, the holder of a deed of trust against the Debtor's property. Counsel for the Official Unsecured Creditors Committee announced its agreement with the Trustee's withdrawal of his request to approve the proposed sale.

This is a core proceeding pursuant to Section 157(b)(2)(N) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Order For Relief was entered in this involuntary proceeding as of November 24, 1992. The Operating Trustee was appointed after the Court granted a motion originally filed by the Involuntary Petitioners.

The Debtor is a Missouri Limited Partnership that operates a recreational development on the Mark Twain Lake, South and West of Hannibal, Missouri. The development includes a water slide, wave pool, convenience store, cabins and R/V facilities, as well as a go-cart track and the electrical, mechanical and other equipment necessary to operate the facility. The Operating Trustee opened the facility for the 1993 season shortly before May 31, 1993.

The Offer to Purchase is contingent upon the Buyer entering into an assumption agreement with the Small Business Administration and ITT Financial Services for the assumption of the indebtedness on the property to be sold. As of the date of the hearing, the Buyer and SBA indicated that such an agreement had not been entered into, and that the Buyer was attempting to arrange for payment of the secured debt by means other than by assuming the existing obligations, although the attempts to assume the debt had not been abandoned.

The Offer to Purchase also required that the Buyer was to provide the Operating Trustee with a "written loan commitment for all required financing in advance of the hearing" on June 30, 1993. The Trustee has not been provided with such an agreement.

The personal property to be sold through the Offer to Purchase is to include certain life insurance policies which insure the life of Stephen Isserman, the individual general partner of The Dam Partnership III, which is the partnership general partner of the Debtor partnership. Mr. Isserman was also designated as the person responsible for performing the duties of the Chapter 11 Debtor. The Trustee announced that it had been recently determined that the insurance policies are not owned by the Debt-

or, and therefore could not be transferred in this sale.

The Offer to Purchase also includes provisions that require the Trustee, at his expense, to prosecute an action to determine the extent of the estate interest in several cabins, even though the proceeds of a successful prosecution will be transferred to the Buyer. Other provisions permit the Buyer in its sole discretion, and apparently without any deadline, to exclude property from this sale, should the Buyer determine that the property represents a liability. The liability would then remain with the estate. Still other provisions in the Offer to Purchase appear to permit the Buyer to decide after closing, which unexpired leases it will assume. Without more, this provision appears to be inconsistent with 11 U.S.C. § 365.

■ Unless a liquidating plan of reorganization is anticipated, a proceeding under Chapter 11 is intended, through the vehicle of a disclosure statement and plan, to allow a debtor to continue its business operations, to continue to provide employment opportunities, and to continue to offer its goods or services and otherwise provide a benefit to the community. Notwithstanding this goal,

> [a] sale of substantially all of the Debtor's assets other than in the ordinary course of business and without the structure of a Chapter 11 Disclosure Statement and Plan is not prohibited by the Bankruptcy Code.

*In re George Walsh Chevrolet*, 118 B.R. 99, 101 (Bankr.E.D.Mo.1990); *In re Channel One Communications, Inc.*, 117 B.R. 493 (Bank.E.D.Mo.1990).

■ Such a sale must be authorized by the Court and must be closely scrutinized. The proponent of the sale bears a heightened burden of proving the elements necessary for such authorization. *See In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr.E.D.Pa.1987). The elements necessary for approval of the sale in this case include:

1. A requirement that accurate and reasonable notice be given to all creditors and parties in interest;

2. The record must establish that there is a sound business purpose for the sale without a disclosure statement and plan;

3. The price to be paid must be fair and reasonable; and

4. The proponent must show that the sale does not unfairly benefit insiders or the prospective purchasers, or unfairly favor a creditor or class of creditors.

*George Walsh* at 102.

■ The Trustee's request to approve this sale must be denied because of the absence of the financing and assumption contingencies set out at paragraph 4(a) on page 2 of the Offer to Purchase. Notwithstanding the failed contingencies, the Court has determined that additional grounds exist to deny the Buyer's oral request to approve the sale.

■ The record has not established that the Buyer has the ability or opportunity to fund the sale. Other than the Buyer's name, the record contains no description of the Buyer's business expertise, its association or non-association with the Debtor or affiliates of the Debtor, its financial status, or its intended use of the property should the sale be approved. There is nothing in this record that suggests a reason why this information should not have been provided.

■ The price to be paid for the Debtor's interest in approximately 130.09 acres of real property and numerous items of personal property is $2.5 million. Based on information from the Debtor's records and other sources, the Trustee filed schedules and statements of affairs in this case after Mr. Isserman failed to file such documents and exercised his privilege against self incrimination. The Debtor's Summary of Schedules lists the value of the Debtor's real property as being $7.828 million. Other than the Bankruptcy Schedules, no appraisal of the value of the property has been submitted to the Court. The record contains no estimate of the value of the estate's claim of an interest in the life insurance policies described above, or in the

litigation concerning title to certain cabins, or in the allegations of improper conduct by the previous management. Therefore, the Court has concluded that the record has not established that the price to be paid is fair and reasonable.

■ Several of the written objections to this sale have argued that should this sale be approved, no funds would be available for general creditors after payment of administrative expenses and other priority claims. A review of the Court file has suggested that should this sale be approved, numerous questions concerning the Debtor's interest in any remaining property and the Debtor's liability for debts claimed to be owed to the holders of partnership interests in entities that may be determined to be related to the Debtor, would be unresolved. In the absence of a disclosure statement and plan (which should at least address these questions), the Court has concluded further that this record has not presented a sound business purpose for approving this sale at this time.

This sale is not approved, and authority to carry out the agreement that is the Offer to Purchase is denied due to a failure by the Buyer to satisfy the financing and assumption contingencies in the Offer to Purchase. Therefore,

**IT IS ORDERED** that this hearing is concluded; and that the Trustee's request to approve the sale of substantially all of the Debtor's assets as set out in the Offer to Purchase and in the Trustee's notice is **DENIED.**

■ On consideration of the Operating Trustee's oral request to conduct a public auction, the Court determined that prior authorization to conduct a public auction sale of the property had not been granted; and that the notice to creditors concerning the Offer to Purchase did not include adequate notice of the possibility that such an auction would occur if the Offer to Purchase was not approved by the Court. Therefore,

**IT IS FURTHER ORDERED** that the Trustee's oral request to immediately conduct a public auction sale of substantially all of the Debtor's assets is **DENIED** without prejudice.